OPINION
On the evening of February 3, 2001, Robert Wilcox, Cheryl Paxson and brothers Stephen Francis, Jr. and Derek Francis went out to celebrate Derek Francis's twenty-first birthday. Also out on the same evening were appellant, Chad Meisenhelder, his brother-in-laws, Glendl Newlon and Stephen Riffle, and his co-defendant, Brian Eakin. In the early morning hours of February 4, 2001, the two groups encountered each other. A fight ensued between appellant, Mr. Eakin, Mr. Wilcox and the Francis brothers. As a result, Mr. Wilcox died and the Francis brothers sustained injuries. Consequently, on February 15, 2001, the Licking County Grand Jury indicted appellant on one count of murder in violation of R.C.2903.02(B) and two counts of attempted felonious assault in violation of R.C. 2903.11(A)(1) and R.C. 2923.02(A).
On the morning of trial, appellant requested a continuance in order to investigate a lead. The trial court denied the motion. A jury trial commenced on May 29, 2001. The jury found appellant guilty as charged. By judgment entry filed June 14, 2001, the trial court sentenced appellant to fifteen years on the murder count and four years on each of the attempted felonious assault counts, to be served consecutively.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT'S MOTION FOR CONTINUANCE TO ALLOW FURTHER INVESTIGATION OF THE CASE, THEREBY DEPRIVING DEFENDANT-APPELLANT OF HIS RIGHTS TO DUE PROCESS OF LAW AND THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH
AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED, DEPRIVING DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT FOR MURDER WHEN THE MANIFEST WEIGHT OF THE EVIDENCE WOULD NOT SUPPORT CONVICTION ON THE CHARGE.
 III. THE TRIAL COURT ERRED WHEN IT ORDERED DEFENDANT-APPELLANT TO SERVE THE SENTENCES FOR COUNTS TWO AND THREE OF THE INDICTMENT, TO WIT: ATTEMPTED FELONIOUS ASSAULT AS TO STEPHEN FRANCIS AND DEREK FRANCIS, CONSECUTIVE TO THE SENTENCE FOR MURDER AND TO ONE ANOTHER.
 I
Appellant claims the trial court erred in denying his request for a continuance. We disagree.
The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65 . In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. InUnited States v. Burton (1978), 584 F.2d 485, the United States Court of Appeals for the District of Columbia stated the following:
 The right of choice of counsel is related to the right to adequate time to prepare for trial. Counsel is not entitled to unlimited preparation time; instead, counsel is entitled to reasonable preparation time. Just as continuances to enable defendants to select counsel need not be granted where the orderly procedures of the court will be disrupted, continuances for more preparation time than necessary need not be granted. In turn, the question of reasonable preparation time is closely related to the issue of inadequate assistance of counsel: if preparation time is unreasonably short, counsel cannot competently represent his client, and may make negligent omissions or acts that deprive defendant of his constitutional right to the assistance of counsel for his defense. While all of these rights are related, as they all are within the parameters of the Sixth Amendment's right to the assistance of counsel, the right to choice of counsel is distinct from the right to adequate assistance of counsel. The fact that one is infringed does not indicate one way or the other whether the other is infringed.
 Burton, at 489, fn. 10.
On the morning of trial, appellant requested a continuance because a witness he had intended to have testify, John Humphries, recanted his earlier statements that he had made to appellant's investigator. T. at 8-10. The essence of Mr. Humphries testimony as explained by defense counsel is as follows:
 Essentially, Your Honor, I discovered a witness who was prepared to testify, that he overheard a conversation between an undisclosed drug dealer and Brian Eakin [co-defendant]; that the essence of that conversation was that the dealer offered Brian Eakin a forgiveness of the drug debt if he would send a message to Bobby Wilcox. The evidence I anticipated at least earlier would be that this particular witness, John Humphries, would testify that he was present when that conversation took place; that the conversation occurred between the undisclosed dealer and Brian Eakin, and that it was his understanding that they were referencing Bobby Wilcox and a debt owed to this dealer. T. at 8-9.
Defense counsel argued this information was relevant because it would strengthen appellant's argument that he was "not responsible for the homicide on the complicity theory" because Mr. Eakin had a motive "unbeknownst" to appellant which "would have been outside the scope of their common criminal enterprise." T. at 10. Defense counsel could not give the trial court any assurances that any further investigation would go anywhere. T. at 10-11. Defense counsel also argued Mr. Humphries's testimony would not constitute hearsay because it would go to Mr. Eakin's state of mind. T. at 11.
We disagree that Mr. Humphries's testimony would not be hearsay. It is not a statement against pecuniary interest by Mr. Eakin, but a statement made by a third party who presumably will not testify. Evid.R. 801(D)(1) and 804(B)(3). Upon review, we cannot say the trial court abused its discretion in denying the continuance request. No showing was made that any further time would have led to any admissible testimony or cross-examination.[1]
Assignment of Error I is denied.
 II
Appellant claims his convictions were against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of one count of murder in violation of R.C.2903.02(B) and two counts of attempted felonious assault in violation of R.C. 2903.11(A)(1) which state as follows:
 R.C. 2903.02: No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.
 R.C. 2903.11(A)(1): No person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn;
Appellant argues that the conflicting testimony of his brother-in-law, Glendl Newlon, as well as the collective testimony of one of the victims, Derek Francis, and a witness, Cheryl Paxson, led to the conclusion that the jury lost its way in finding him guilty. We disagree with this position.
The facts establish two sets of friends were out drinking and as a result, one person was killed (Robert Wilcox) and two others were injured (Stephen Francis, Jr. and Derek Francis). Mr. Wilcox and the Francis brothers were out celebrating Derek Francis's twenty-first birthday. T. at 141, 213. The three were walking down the street when appellant and Mr. Eakin came upon them. T. at 149, 151, 240-242, 315. There is no dispute that Mr. Eakin bet appellant one dollar to beat up the three. T. at 240-241, 315-317. Appellant admitted this to the police. T. at 376. Appellant claimed he only watched as Mr. Eakin punched Mr. Wilcox and repeatedly kicked him in the head. T. at 377. At the scene, Ms. Paxson told the police that appellant did attack Mr. Wilcox. T. at 110-111. Ms. Paxson testified that she heard Mr. Eakin and appellant say something to the effect "let's do this." T. at 159. Appellant's brothers-in-law both testified to appellant running toward the three men and hitting them. T. at 240-245, 317-319. Both agreed that Mr. Eakin kicked Mr. Wilcox in the head while he was down. T. at 246, 320, 331. Mr. Newlon testified that he observed appellant land a "forceful" hit to Mr. Wilcox's face, causing Mr. Wilcox to fall with his head "wobbling" and strike his head on the pavement. T. at 244-245.
The coroner testified to the cause of death as follows:
 Yes. The actual cause of death was cerebral herniation, meaning the brain swelled so much it squeezed out into its openings. Due to the contusions and laceration of the brain, that's the bruising I talked about on the front and the bottom due to the blunt impact he had on the back of the head, so there's the chain there, the cause of death.
The coroner opined the cerebral herniation was caused by the blow to the jaw which caused the snapping and breaking of the neck and the fall to the pavement, not the kick in the head. T. at 345-350.
During his case, appellant presented the taped interview of Mr. Eakin. Within said interview, Mr. Eakin claimed that appellant struck Mr. Wilcox in the face, "causing him to fall backwards on the pavement." T. at 441.
Upon review, we find sufficient credible evidence of the primary assault of all three young men by appellant with appellant landing the fatal blow to Mr. Wilcox. All the evidence was collaborated by the various witnesses.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in sentencing him to consecutive sentences. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
That the sentence is otherwise contrary to law.
By judgment entry filed June 14, 2001, the trial court sentenced appellant to fifteen years on the murder count and four years on each of the attempted felonious assault counts, to be served consecutively. Appellant argues the trial court erred in ordering the sentences on the attempted felonious assault counts be served consecutively to each other and to the murder count.
R.C. 2929.14(E)(4) states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
While the trial court did not specifically state its reasons for the consecutive sentences during the sentencing hearing, the following colloquy occurred:
 MR. OSWALT [PROSECUTOR]: I would ask the Court to impose, obviously, the 15 to life on the murder charge and ask the Court to impose four years on each of the attempted murder — attempted felonious assault charges, running all of them consecutively; find that that is necessary to protect the public from future crime or to punish the offender. Further, that this is not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public; and, finally, that this harm caused by these offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflect the seriousness of this defendant's conduct.
 THE COURT: * * * Further, I would agree, counsel for the State, consecutive prison terms are in order, and I order that Counts 1, 2 and 3 shall run consecutively. The Court finds specifically that it is necessary to protect the public and to punish the defendant, and it is not so disproportionate to the conduct and to the danger the offender poses. Further, I agree that the harm is so great or unusual that a single term would not adequately reflect the seriousness of the conduct.
June 14, 2001 T. at 14-17.
The sentencing judgment entry filed June 14, 2001 states the following:
 The Court determines consecutive sentences are necessary to protect the public and to punish the offender; that the consecutive sentences are not disproportionate to the conduct and the danger the offender poses; and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct.
Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By FARMER, J., GWIN, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] Mr. Eakin was not a trial witness.